

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

October 27, 2017

LETTER TO ALL COUNSEL OF RECORD

Re:  Van Meter v. Hite Roofing et al
     Civil No. 1:16–cv–04061–JMC

Dear Counsel and Mr. Van Meter:

In this employment discrimination case, Plaintiff Landon Scott Van Meter alleges that Defendants Hite Roofing, Hite Associates, Inc., and Carl Belt Inc. (collectively, the "Defendants") committed various violations of the Americans with Disabilities Act ("ADA"), Americans with Disabilities Act Amendments Act ("ADAAA"), and Maryland law, including disability discrimination, denial of accommodation, and retaliation. (ECF No. 1). This case has been referred to me by consent of the parties for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 16). Currently pending before the Court is Defendants' unopposed Motion for Summary Judgment, filed on September 8, 2017. (ECF No. 29). As the Clerk of Court advised in her September 8, 2017 letter to Plaintiff, Plaintiff's response to that motion was due September 25, 2017. (ECF No. 30). Because no such response had been received by that date, the Court then issued a Letter Order to Plaintiff explaining that if no response or properly supported Motion for Additional Time was filed with the Court by October 16, 2017, the Court would rule upon the Defendants' Motion for Summary Judgment accordingly. (ECF No. 31). No response from Plaintiff has been filed to date. Thus, the Court will consider Defendants' Motion as unopposed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons outlined below, Defendants' Motion is GRANTED.

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

**Visit the U.S. District Court's Website at www.mdd.uscourts.gov**

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Development Ltd. Partnership*, 115 F.Supp.3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Specifically, a district court is obligated to carefully review an unopposed motion for summary judgment. *Thomas-Fish v. Ford Motor Co.*, Civ. No. GLR–16–496, 2017 WL 2954772, *2 (D. Md. Mar. 2, 2017) (citing *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013)). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion," the Court must still determine whether the moving party is entitled to summary judgment as a matter of law pursuant to Rule 56. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

As a preliminary matter, Defendants' Motion is supported by a declaration from the president of Defendant Carl Belt, Inc. stating that Plaintiff was not at any time an employee of Carl Belt Inc., Carl Belt Inc. is a separate corporation distinct from Hite Roofing and Hite Associates, Inc., and Carl Belt Inc. does not do business as Hite Roofing or Hite Associates, Inc. (ECF No. 29–3 [Decl. of Carl O. Belt, Jr.]). Based on this unchallenged declaration, there is no basis for liability against Defendant Carl Belt, Inc. *See Lofthouse Manufacturing Ltd. V. Ports America Baltimore, Inc.*, Civ. No. CCB–15–3821, 2016 WL 4662337, *3 (D. Md. Sep. 7, 2016). The Court's analysis will proceed with regard to Hite Roofing and Hite Associates, Inc., the remaining Defendants.

The Court first considers Plaintiff's claims under the ADA and ADAAA in Counts I, II, and IV of the Complaint. As a threshold matter, to bring a claim based on the ADA, Plaintiff must show that he is a qualified individual with a disability. *Taylor v. Rite Aid, Corp.*, 993 F.Supp.2d 551, 563 (D. Md. 2014). The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff attached to his Complaint medical records that establish he had an accident at work that required medical treatment and follow-up appointments. Without more, the Court is reluctant to find that Plaintiff has created a factual issue as to being impaired in a way that limits a major life activity. This is especially so considering that the record contains medical certifications from Plaintiff's physicians reflecting the fact that he was cleared to return to work two days before his purported discharge. (ECF No. 29–4 [Ex. 6 to Decl. of Randy Rice]).

Furthermore, even if the Court were to assume that Plaintiff meets the statutory definition set forth above, Plaintiff has not offered any evidence that he was discharged beyond the allegations in his Complaint. By contrast, Defendant Hite offers a Declaration from its president unequivocally stating that Plaintiff was not discharged, but was merely sent home from work for the day because he was being disruptive. (ECF No. 29–4 [Ex. 6 to Decl. of Randy Rice]). Plaintiff's employment status

2

was clarified with his union and in follow-up communications with him, yet Plaintiff refused to return to work. *Id.* This is buttressed by the findings of the Department of Labor, Licensing, and Regulation regarding Plaintiff's subsequent claim for unemployment. *Id.* Accordingly, the Court will grant Defendants' Motion as to Plaintiff's claims for disability discrimination and failure to accommodate.

The Court next turns to Plaintiff's claim of retaliation in Count III. To analyze a retaliation claim under the ADA when the plaintiff does not have sufficient direct or indirect evidence of retaliation, the Court must engage in a three-part, burden-shifting analysis. *Parkinson v. Anne Arundel Medical Center, Inc.*, 214 F.Supp.2d 511, 517 (D. Md. 2002). "[U]nder the burden-shifting method of proof, to establish a prima facie case of retaliation, a plaintiff must show that: (1) [h]e engaged in a protected activity; (2) [his] employer acted adversely against him; and (3) h[is] protected activity was causally connected to his employer's adverse action." *Rhoads v. F.D.I.C.*, 257 F.3d 33, 392 (4th Cir. 2001). The employer then has the burden "to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions." *Id.* If the employer does so, the plaintiff "must demonstrate that the proffered reason is a pre-text for forbidden retaliation." *Id.* (internal citations omitted). At all times, the plaintiff retains "the ultimate burden of persuading the trier of fact that she was the victim of retaliation." *Rhoads v. F.D.I.C.*, 286 F.Supp.2d 532, 539 (D. Md. 2003). Here, Plaintiff has met no such burden because he has not offered evidence to prove that Defendants took adverse action against him as noted above. Although his Complaint alleges that, after a conversation with Randy Rice, President of Hite Associates, Inc., "Plaintiff took this exchange to mean he was terminated," Defendants thereafter clarified that Plaintiff had not been terminated and repeatedly requested his return to work without response. (ECF No. 29 [Defs.' Mot. for Summ. J., at 6–7]). The Court will grant Defendants' Motion as to Plaintiff's retaliation claim.

Finally, the Court considers Plaintiff's claim of "violation of Maryland public policy" in Count V of his Complaint for "adverse employment action as a result of filing workers' compensation claim." (Compl., at 13). The Court assumes that Plaintiff's claim is based on § 9–1105(a) of the Labor and Employment Article of the Maryland Code, which provides, "An employer may not discharge a covered employee from employment solely because the covered employee files a claim for compensation under this title." As previously considered, Plaintiff has failed to prove that such a discharge took place. Moreover, Plaintiff's failure to file a union grievance and exhaust his remedies under the collective bargaining agreement governing his employment as established by Defendants' supporting affidavit (ECF No. 29–4 [Decl. of Randy Rice, at ¶14]) independently deprive him of asserting such a claim. *Childers v. C & P Telephone Co.*, 881 F.2d 1259, 1264 (4th Cir. 1989). The Court will grant Defendants' Motion as to Plaintiff's Maryland law claim.

For the foregoing reasons, Defendants' unopposed Motion for Summary Judgment (ECF No. 29) is GRANTED and judgment is entered in favor of the Defendants. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge